Trustees of the Pavers & Rd. Bldrs. Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v Arch Ins. Co. (2019 NY Slip Op 03283)





Trustees of the Pavers & Rd. Bldrs. Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v Arch Ins. Co.


2019 NY Slip Op 03283


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


155729/16 9130 155731/16 9129

[*1]Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds, Plaintiffs-Respondents,
v
Arch Insurance Company, Defendant-Appellant.
Trustees of the New York City District Council of the Carpenters Pension Fund, etc., et al., Plaintiffs-Respondents,
v
Arch Insurance Company, Defendant-Appellant.


Forchelli Deegan Terrana LLP, Uniondale (Peter B. Skelos of counsel), for appellant.
Virginia & Ambinder, LLP, New York (Marc A. Tenenbaum of counsel), for respondents.



Orders, Supreme Court, New York County (Melissa Crane, J.), entered May 25, 2018, which, to the extent appealed from, denied defendant's motion to dismiss the first cause of action in the complaints, unanimously affirmed, with costs.
Plaintiffs seek, pursuant to Labor Law § 220-g, to recover unpaid wages and benefit contributions for work performed by their members on the "Gouverneur Project" under a labor and materials payment bond issued by defendant insurer. The statute provides that such an action may be brought without notice within one year of the date of the last alleged underpayment. The date of the last alleged underpayment was March 2014. On June 17, 2014, the bankruptcy court overseeing the voluntary Chapter 11 petition of nonparty Recine Materials Corp., which employed individuals who performed work on the project, entered an "Order Establishing Protocol by which the Trustee Shall Solely and Exclusively Collect and Administer Outstanding Accounts Receivable and Resolve Claims Disputes among New York Lien Law Article 3-A Creditors" (Receivables Protocol Order), stating that during a "Temporary Standstill Period" article 3-A creditors "may not . . . commence, continue, or otherwise take any actions to collect on account of their individual claims relating to the Receivables, whether from general contractors, property owners, bonding companies, or other liable entities or individuals."
Contrary to defendant's contention, plaintiffs were included within the scope of the Receivables Protocol Order, as section 105(a) of the Bankruptcy Code (11 USC § 105[a]) "has been construed liberally to [authorize bankruptcy courts to] enjoin suits that might impede the reorganization process" (MacArthur Co. v Johns-Manville Corp. , 837 F2d 89, 93 [2d Cir 1988], cert denied 488 US 868 [1988]).
Throughout the Temporary Standstill Period of the Receivables Protocol Order, the one-year deadline set forth in Labor Law § 220-g for commencing an action without notice against defendant was tolled by CPLR 204(a). The Temporary Standstill Period ended on December 7, [*2]2015, and the one-year period began running again on that date. Having run for three months before the Receivables Protocol Order was issued, the period would have expired in September 2016. Thus, plaintiffs' adversary proceedings in the bankruptcy court, which were commenced January 15, 2016, were timely. The instant actions, commenced in July 2016, are timely within the limitations period as tolled by CPLR 204(a) ("Stay"). The one-year statutory period was further tolled, from January 15, 2016 through July 1, 2016, when the bankruptcy court abstained from hearing the adversary
proceedings, and for another six months, until January 1, 2017, by CPLR 205(a) ("New action by plaintiff").
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK